MATHEW C. UHRIG, APPELLANT, v. THE WILLIAMS-BURGH CITY FIRE INSURANCE COMPANY OF BROOKLYN, NEW YORK, RESPONDENT.

*Policy of insurance against fire — condition that the amount of the loss should be determined by arbitrators — compliance with the conditions dispensed with, if the company act in bad faith.*

The defendant issued to the plaintiff a policy insuring him against loss by fire, which provided that in case of a disagreement as to the damages each party should select an arbitrator, and that the two so selected should determine the loss, and in case they were unable to agree that they should appoint a third, and that the decision of two of the three should determine the loss. Evidence was given tending to show that after the loss each party appointed an arbitrator;

that the defendant did not make its appointment in good faith, and that the arbitrator appointed by it was not intended to appraise the loss, and refused to do so, in order to force a settlement; that he and the company refused to appoint another arbitrator until after the property had been removed, so that no appraisal could be made.

*Held,* that the failure of the company to act with good faith in making the first appointment, excused the plaintiff from complying with the condition of the policy, and authorized him to bring an action upon the policy.

That his right so to do was not affected by the fact that the company had, previous to his so doing, offered to again refer the matter to arbitrators, to be mutually appointed.

APPEAL from a judgment in favor of the defendant, entered on the dismissal of the plaintiff's complaint at the circuit.

The action was brought to recover the value of certain articles of personal property, which were destroyed by fire, and were deemed to be covered by a policy of insurance issued by the defendant.

*P. Keady,* for the appellant.

*Albert G. McDonald,* for the respondent.

BARNARD, P. J.:

The court erred in dismissing the plaintiff's complaint. The action was for a loss by fire upon a policy of insurance. The policy contained a condition that in case of a disagreement as to damages each party should select an arbitrator and the two should establish the loss, and upon a failure to agree that they should appoint a third, and that two out of the three should settle the amount. Each party did appoint one. There was proof tending to show that the defendant did not appoint these appraisers in good faith, and that the appraiser was not intended to appraise, but to refuse to appraise so as to force a settlement. That he and the company refused to appoint another man to make up the board until after the property had been removed and cleared up, so that an appraisal could not well be made, if at all. This would not be answered if subsequently the company tendered an offer, again to refer to the arbitrators to be mutually appointed. If the first appointment was not in good faith, and was designed to accomplish an ulterior purpose and not an appraisement according to the spirit of the contract, the plaintiff was relieved from the condition and could sue in the ordinary way and have his damages assessed by a jury. It was for the jury to say from the evidence whether the condition was broken.

The judgment should be reversed and a new trial granted, costs to abide event.

PRATT and DYKMAN, JJ., concurred.

Judgment reversed and new trial granted, costs to abide event.